UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

```
                                )
ROBERT E. CORY,                 )
                                )
     Plaintiff,                 ) Civil Action No. 5:11-CV-62-JMH
                                )
v.                              )
                                )
ERIC HOLDER,                    )
Attorney General of the         )
  United States,                )
                                )
and                             ) MEMORANDUM OPINION AND ORDER
                                )
                                )
UNITED STATES DEPARTMENT        )
OF JUSTICE,                     )
  Federal Bureau of Prisons,    )
                                )
     Defendants.                )
                                )
```

\*\*   \*\*   \*\*   \*\*   \*\*

On January 9, 2012, Plaintiff filed his Response [Record No. 9] to this Court's December 7, 2011 Order requiring Plaintiff to show cause why the Complaint should not be dismissed for failure to serve the proper parties within 120 days pursuant to Federal Rule of Civil Procedure 4(m). See Fed. R. Civ. P. 4(i). On or about January 18, 2012, the defendants filed a Motion to Dismiss [Record 10]. Although the time for response to the Motion to Dismiss has not yet run, the Court is well aware of the parties' positions in this matter and, being sufficiently advised, now turns to the merits of the parties' arguments.

1

Plaintiff admits that he failed to properly execute service on the United States Attorney General and failed to request that a summons be issued for the United States Attorney pursuant to Fed. R. Civ. P. 4(i). Plaintiff concedes Defendant's argument that he cannot offer good cause for his failure to serve the defendants. Instead, Plaintiff requests that this Court "exercise its equitable powers" under Fed. R. Civ. P. 4(m) to afford Plaintiff an extension of time to serve the parties. The defendants argue that Plaintiff's failure to make any attempt to serve the United States Attorney, even after being notified of the error, weighs against allowing Plaintiff an extension of time in which to remedy his error.

A party historically had to show good cause for failure to serve the summons and complaint within 120 days to avoid mandatory dismissal of the case. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994) (citing prior rule, Fed.R.Civ.P. 4(j) for the proposition that "[a]bsent a showing of good cause to justify a failure of timely service, Fed.R.Civ.P. 4(j) compels dismissal."). In 1993, however, former Rule 4 (j) was amended and re-designated as Rule 4(m) to read, in relevant part,

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court... shall dismiss the action without prejudice as to that defendant *or direct that service be effected with a specified time*; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

(emphasis added). Thus, absent good cause, it is within the

2

Court's discretion whether to dismiss the action without prejudice, or require that service shall be effected. *Stewart v. Tenn. Valley Auth.*, 238 F.3d 424, *1 (6th Cir. 2000) (unpublished table opinion) (citing *Henderson v. United States,* 517 U.S. 654, 662 (1996)); *Wise v. Dept. of Def.,* 196 F.R.D. 52 (S.D.Oh. 1999); *Slenzka v. Landstar Ranger, Inc.,* 204 F.R.D. 322 (E.D.Mich. 2001); *Osborne v. First Union Nat'l Bank of Delaware*, 217 F.R.D. 405 (S.D.Oh. 2003); *Rojek v. Catholic Charities*, *Inc.,* 2009 WL 3834013, *7 (E.D.Mich. Nov. 16, 2009) (unpublished); *Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1131-32 (11th Cir. 1995).

The Court now turns to whether it should exercise its discretion to dismiss the matter without prejudice or allow the plaintiff a brief extension of time in which to perfect service. The Advisory Committee Notes to Rule 4 provide that "[r]elief [from dismissal] may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4, Advisory Committee Notes (1993 Amendments) (as cited in *Kirk v. Muskingum Cnty, Ohio,* 2011 WL 1480136, *5 (S.D.Oh April 19, 2011)). Courts in this Circuit have outlined several factors for the Court to consider in its decision, specifically,

> (1) whether a significant extension of time is required; (2) whether an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff;

> i.e., would her lawsuit be time-barred; and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Kirk*, 2011 WL 1480136 at *5 (citations omitted). First, there is no reason, at this point, to question Plaintiff's ability to promptly effectuate service now that the error has been brought to his attention. The second and third factors weigh in Plaintiff's favor as well. Plaintiff's direct employer, the Federal Bureau of Prisons, has actual knowledge of the lawsuit due to proper service of the Complaint and summons, as well as, presumably, notice of the complaint filed with the EEOC prior to initiation of the action herein. Other than the passage of time since the Complaint was filed, the Court sees no additional prejudice to Defendants, and the defendants have not pointed to any prejudice in their Motion to Dismiss. Factor four weighs heavily in Plaintiff's favor. If this matter is dismissed without prejudice under Rule 4(m), Plaintiff's claims, if re-filed, would be time-barred. Plaintiff filed this matter within the 90 day limitations period following receipt of a right-to-sue letter from the EEOC, and therefore, any new action would be barred. Finally, the last inquiry weighs against Plaintiff. While Plaintiff made a good faith effort to, and did, serve the Federal Bureau of Prisons, Plaintiff neglected to serve the executed summons on the Attorney General[1] and neglected to even

---

[1] The Court notes that Plaintiff apparently believed that the Attorney General had properly been served until the failure to serve the United States Attorney was brought to his attention and

have a summons issued for the United States Attorney within the time allotted. However, Plaintiff's failure appears to be mere neglect, rather than a scheme to obtain judgment or tactical advantage. Thus, on the whole, the relevant factors weigh in favor of allowing Plaintiff a brief extension of time to effectuate service. No further extensions shall be granted without a showing of good cause.

Accordingly, **IT IS ORDERED**:

(1) that Defendants' Motion to Dismiss [Record 10] is **DENIED**;

(2) that this Court's December 7 Show Cause Order [Record No. 6] is **DISCHARGED**; and

(3) that Plaintiff shall have forty-five (45) days to effectuate service of Plaintiff's Complaint on the United States Attorney and Attorney General of the United States.

This the 19th day of January, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

---

he realized that service had not, in fact, occurred, although he received a certified mail return receipt of the summons and complaint. [Record No. 4].