```
               UNITED STATES DISTRICT COURT
                EASTERN DIVISION OF KENTUCKY
                 CENTRAL DIVISION at LEXINGTON
```

```
ROBERT E. CORY,                 )
                                )
     Plaintiff,                 )
v.                              )     Civil Case No.
                                )     5:11-cv-62-JMH
ERIC HOLDER, Attorney           )
General of the United           )   MEMORANDUM OPINION & ORDER
States, et. al.                 )
                                )
     Defendants.                )
                                )
```

                                  \*\*\*

This matter is before the Court on Defendants' Motion to Dismiss and, in the alternative, Motion for Summary Judgment. (D.E. 18). The Plaintiff has responded, and Defendants have replied. (D.E. 25; D.E. 29). Thus, this matter is now ripe for decision. For the reasons which follow, Defendants' motion to dismiss Plaintiff's ADA and retaliation claims will be granted, and Defendants' motion to dismiss, or, alternatively, motion for summary judgment with respect to Plaintiff's discrimination claim will be denied.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Robert Cory is a former correctional officer and Material Handler Supervisor with the United States Department of Justice, Bureau of Prisons. (D.E. 18-2 at 2—3). From about February 2005 to December 2005, Plaintiff

was involved in a romantic relationship with a coworker named Rebecca Scott.  (D.E. 18-2 at 4).  After their relationship ended in December 2005, Plaintiff married a different woman in September 2006.  (D.E. 18-9 at 1).

    Plaintiff maintains that, soon after his marriage, Scott began sexually harassing him at work and at home. (D.E. 18-9 at 1).  Specifically, he claims that she called and texted his wife to tell her that Plaintiff was having an extramarital affair, which was false.  (D.E. 18-9 at 1). He also claims that, in an attempt to get him into trouble at work, Scott deliberately mishandled his written count sheets when he submitted them to the control room where she worked.  (D.E. 18-9 at 2).  Further, whenever Plaintiff called the control room, or someone else called the control room to speak with him, Scott would immediately drop the phone and refuse to process the call.  (D.E. 18-9 at 2). Additionally, if he was in line for keys, Scott would walk away whenever Plaintiff got to the front of the line, leaving Plaintiff waiting until another control officer was free.  (D.E. 18-9 at 2).  Finally, Plaintiff contends that in June 2007, Scott unnecessarily complained to management after Plaintiff moved observation cameras to patrol activity in the prison.

2

Plaintiff filed a discrimination complaint with the Department of Justice Complaint Adjudication Office ("CAO") on July 9, 2007, alleging that Scott's discrimination on the basis of his sex had created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et. seq.* (D.E. 18-6 at 1). Upon receiving Plaintiff's complaint, the CAO accepted two issues for investigation: 1) whether Plaintiff was subjected to sufficient sexual harassment from Scott to constitute a hostile work environment under Title VII; and 2) whether the harassment was perpetuated due to management's lack of intervention. (D.E. 18-6 at 1).

After investigating Plaintiff's claims, the CAO found that despite Plaintiff's numerous allegations, the "evidence supports only that Scott refused to hand out keys to complainant or take phone calls from, or for, complainant." (D.E. 18-8 at 11). While the CAO found that this conduct was "certainly unprofessional . . .[,] it was not the kind of conduct that amounts to severe or pervasive harassment based on sex, within the meaning of Title VII." (D.E. 18-8 at 11).

As permitted by 29 C.F.R. § 1614.405(a), Plaintiff timely appealed the CAO's final decision to the Equal Employment Opportunity Commission (EEOC) on August 21,

2009. (D.E. 18-9). The EEOC affirmed the CAO's decision, holding that Plaintiff "failed to make out a prima facie case of discrimination because he did not show the harassment was based on his sex." (D.E. 18-9 at 4). Instead, the EEOC determined that Scott's conduct "stemmed from anger from a failed relationship," and Plaintiff was therefore not entitled to Title VII protection. (D.E. 18-9 at 4).

Plaintiff again timely appealed to this Court. In Plaintiff's Complaint, he alleges not only hostile work environment discrimination on the basis of his sex, but also retaliation and discrimination under the Americans with Disabilities Act (ADA). (D.E. 1). Notably, the CAO mentioned in its decision that Plaintiff sent them additional documentation on August 29, 2008, alleging retaliation by his employer for filing a complaint. (D.E. 18-8 at 5). However, the CAO did not investigate the retaliation claim because, by the time it received Plaintiff's additional documentation, it had already completed investigation of the sex discrimination claim. (D.E. 18-8 at 5). Plaintiff was given forty-five days from the date of the CAO decision to contact an EEO Counselor concerning the retaliation claim. (D.E. 18-8 at 5). It is uncontested that Plaintiff never contacted an EEO counselor

4

about his retaliation claim as instructed by the CAO, nor about his newly alleged ADA claim.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and must accept as true all well-pleaded factual allegations contained within it. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 570).

## III. ARGUMENT

As an initial matter, Defendants have correctly noted that the United States Department of Justice, Federal Bureau of Prisons, is not an appropriate party to be sued in this instance. *See* 42 U.S.C. § 2000e-16; *Hancock v. Egger*, 848 F.2d 87, 89 (6th Cir. 1988). Plaintiff apparently concedes this issue, as he did not address this argument in his response. In the absence of any objection from Plaintiff, United States Department of Justice, Federal Bureau of Prisons, shall be dismissed as a party.

5

Defendant Holder also argues that Plaintiff's employment discrimination claim under the ADA and his retaliation claim must also be dismissed because Plaintiff failed to exhaust his administrative remedies for these claims. Because this Court agrees that Plaintiff has not exhausted his administrative remedies with respect to his ADA and retaliation claims, both will be dismissed.

"In permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of 'rigorous administrative exhaustion requirements and time limitations.'" *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002) (*quoting Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 833 (1976)). One of these requirements is that the "aggrieved person must initiate contact with a[n][EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). "Failure to do so is cause for dismissal of the complaint by the . . . district court." *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003); *see also Brown,* 425 U.S. at 832 (noting that an aggrieved employee may file a civil action in federal district court,

6

but that the complainant must first seek relief in the agency that allegedly discriminated against him).

In this instance, Plaintiff does not dispute that he failed to seek EEO counseling or file a formal EEO complaint with regard to his ADA claim. (D.E. 25 at 8). Instead, Plaintiff argues that Defendant should be estopped from asserting this defense. (D.E. 25 at 8). In support of his argument, Plaintiff explains that his attorney sent his supervisor a letter requesting an accommodation on February 18, 2010; however, when his supervisor responded by letter on March 24, 2010, the supervisor did not mention that Plaintiff could potentially pursue the EEO process if he wished. (D.E. 25-4; D.E. 25-5).

While it is true that, "[b]ecause exhaustion requirements pursuant to Title VII are not jurisdictional prerequisites, they are subject to waiver, estoppel, and equitable tolling," estoppel is not warranted on these facts. *McFarland*, 307 F.3d at 406 (*citing Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). Generally, "[e]quitable estoppel . . . is invoked in cases where the defendant takes active steps to prevent the plaintiff from suing in time, such as by hiding evidence or promising not to plead the statute of limitations." *Bridgeport Music v. Diamond Time,* 371 F.3d 883, 891 (6th

7

Cir. 2004). Whether equitable estoppel should be applied is based "on a defendant's improper conduct as well as a plaintiff's actual and reasonable reliance thereon." *Id.* Further, prior to invoking equitable estoppel, the plaintiff "must demonstrate that his ignorance is not attributable to a lack of diligence on his part." *Id.*

In this case, Plaintiff does not specifically claim that his supervisor made an affirmative misrepresentation to Plaintiff's attorney in his March 24, 2010, letter. Rather, he seems to argue that the supervisor's general failure to advise Plaintiff's attorney about the EEO process somehow constitutes sufficient misconduct on Defendant's part such that it must now be estopped from arguing Plaintiff did not timely exhaust the administrative requirements with respect to his ADA claim. However, Defendant did not have an affirmative obligation in this instance to mention anything about the EEO process to Plaintiff's attorney, and Plaintiff has not provided any authority to suggest otherwise.

Moreover, Plaintiff's failure to pursue EEO counseling with respect to his ADA claim does not seem to be due to anything other than his own lack of diligence. Indeed, given that he previously filed a claim for harassment based on his gender and procured EEO counseling for that claim,

8

there is no question that Plaintiff was familiar with the requirements. Therefore, Plaintiff cannot utilize equitable estoppel to save his ADA claim.

With respect to Plaintiff's retaliation claim, Plaintiff does not mention it in his response to Defendant's motion. (D.E. 25). Nor does he argue in his response that estoppel applies to his retaliation claim. (D.E. 25 at 8). A brief review of the record, however, indicates that dismissal of Plaintiff's retaliation claim is also appropriate due to his failure to exhaust administrative remedies. Specifically, because the CAO had already investigated Plaintiff's sex discrimination claim when it received new documentation from Plaintiff alleging retaliation by his employer, the CAO declined to address the claim in its decision. However, Plaintiff was given forty-five days from the date he received the CAO decision to initiate contact with an EEO counselor if he wished to pursue it. Therefore, because there is no dispute that Plaintiff failed to meet this deadline, his retaliation claim is also appropriately dismissed for failure to exhaust administrative remedies.

Defendant also moved to dismiss, or, in the alternative, for summary judgment on, Plaintiff's hostile work environment sexual discrimination claim. In response,

9

Plaintiff argues that the Court should allow him additional time for discovery before disposing of the case. *See White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994) (holding that "a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery.").

The Supreme Court has cautioned against premature dismissal of Title VII claims, explaining that "[b]efore discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). "Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases." *Id.* Following this guidance, the Court will not dismiss Plaintiff's discrimination claim at this early point in the litigation.

However, the Court recognizes that, despite arguing that he needs more time for discovery, Plaintiff failed to submit the requisite affidavit pursuant to Federal Rule of Civil Procedure 56(d) indicating why additional discovery is necessary. Neither did Plaintiff explain in his brief why he needed more time for discovery. Therefore,

10

Plaintiff has thirty days from the entry of this Memorandum Opinion and Order to show cause as to why this Court should not consider the merits of Defendant's summary judgment motion on the record as it currently stands. Plaintiff should outline with particularity why additional discovery is necessary and why it cannot "currently present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

Additionally, the Court notes that there is a pending motion by Plaintiff's counsel to withdraw as Plaintiff's attorney in this action. (D.E. 30). In a contemporaneous Order granting the motion, Plaintiff has also been given thirty days within which to either procure new counsel or file a notice with the Court indicating that he wishes to proceed *pro se* in this matter.

If Plaintiff fails to procure new counsel, indicate he intends to proceed *pro se*, or show cause as to why he needs more time for discovery within thirty days of entry of this Memorandum Opinion and Order, Plaintiff should be aware that his failure to respond may result in dismissal by this Court for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) without any further notice.

**IV. CONCLUSION**

For the reasons stated above, **IT IS ORDERED**:

(1) that Defendant United States of America Department of Justice, Federal Bureau of Prisons, is **DISMISSED** as a party;

(2) that Defendant's Motion to Dismiss Plaintiff's claim under the American Disabilities Act shall be **GRANTED**;

(3) that Defendant's Motion to Dismiss Plaintiff's retaliation claim shall be **GRANTED**;

(4) that Plaintiff must **SHOW CAUSE** within thirty (30) days from the entry of this Memorandum Opinion & Order why his claim should not be dismissed for failure to comply with Federal Rule of Civil Procedure 56(d). In other words, Plaintiff has thirty (30) days from the entry of this Memorandum Opinion & Order to file an affidavit under Federal Rule of Procedure 56(d) indicating with particularity why he needs additional discovery in this action and why he cannot now present sufficient facts to justify his opposition to Defendant's motion.

This, the 14th day of December, 2012



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge